<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**RAQUAN FOLK**,

                 Plaintiff,

v.

**RAYMOND SANTIAGO,** *et al.*,

                 Defendants.

Civil Action No. 23-21202 (ZNQ) (JBD)

**OPINION**

<u>**QURAISHI, District Judge**</u>

      **THIS MATTER** comes before the Court upon two Applications to Proceed *in forma pauperis* ("IFP Applications," ECF Nos. 1-4, 3) filed by *pro se* Plaintiff Raquan Folk ("Plaintiff") together with his Complaint[1] ("Compl.," ECF No. 1) against Defendants Raymond Santiago, Keri Schaefer, Tangela Turner, Kayla Santiago, Scott Ritter, Mark Zuckerberg, Paul Zager, and the Asbury Park Police Department (collectively, "Defendants").[2] (*See generally* Complaint.) For the reasons stated below, Plaintiff's IFP Applications will be **DENIED** without prejudice and his Complaint will be **DISMISSED** without prejudice.

---

[1] Plaintiff filed an initial complaint and IFP Application (ECF No. 1) on October 16, 2023, and then provided supplemental allegations as part of his second IFP Application (ECF No. 3) on February 14, 2025. Given Plaintiff's *pro se* status, the Court construes them together as his Complaint.

[2] At the end of his Complaint, Plaintiff purports to add the State of New Jersey as a defendant. (ECF No. 3 at 10 ("By the way, I meant to write down the state of New Jersey into the lawsuit [b]ecause the state of New Jersey employs the people I am suing. Also . . . on my paperwork it says The State v. Raquan Folk.").) The Court infers that the "paperwork" the Complaint refers to is associated with his underlying criminal proceeding. To the extent Plaintiff wishes to assert any claims as to the State of New Jersey, he needs to plead plausible claims specifically against the State rather than request to add it generally on the basis that it is an employer of other defendants.

1

I.   **<u>BACKGROUND</u>**[3]

On October 16, 2023, Plaintiff filed his initial Complaint against Monmouth County Head Prosecutor Raymond Santiago, Assistant Prosecutor Keri Schaefer, Monmouth County Detectives Scott Ritter and Kayla Santiago, and Tangela Turner. (*See* ECF No. 1.) Plaintiff simultaneously filed his first IFP Application. (ECF No. 1-4.) The Complaint stems from Plaintiff's alleged unlawful arrest on May 31, 2023, and subsequent conviction.[4] Plaintiff alleges that he has been falsely imprisoned for nineteen months because Defendants made "false statement[s]" leading to his arrest and conviction. (ECF No. 1 at 3.)

Plaintiff filed his second IFP Application on February 14, 2025 along with more detailed allegations. (ECF No. 3.) In that submission, Plaintiff added Mark Zuckerberg, the Chairman and Chief Executive Officer of Meta Platforms, Paul Zager, defense counsel for Plaintiff's state criminal case, and the Asbury Park Police Department as defendants. Plaintiff asserts that he is currently being held in Monmouth County Jail for a crime he did not commit. (*Id.* at 4.) He also alleges that the Detectives who arrested him "knew that the Victim lied." (*Id.* at 6.) Plaintiff asserts that Tangela Turner, the mother of the Victim, is being sued because she knew that the Victim lied, which ultimately led to Plaintiff's arrest and conviction. (*Id.*) As injuries, Plaintiff alleges that he suffers from major headaches, chest pain, and is mentally unstable. (*Id.* at 4.) He seeks $1.5 million from Defendants because his "reputation is gone." (*Id.*)

---

[3] For the purposes of this screening opinion, "[t]he Court must accept all facts in the complaint as true, draw all reasonable inferences in the prisoner's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim." *Durham v. Kelley*, 82 F. 4th 217, 223 (3d Cir. 2023).
[4] The nature of Plaintiff's underlying conviction is not disclosed in the Complaint.

2

## II. LEGAL STANDARD

### A. IN FORMA PAUPERIS

To proceed *in forma pauperis* under 28 U.S.C. § 1915(a), a plaintiff must file an affidavit that states all income and assets, that the plaintiff is unable to pay the filing fee, the "nature of the action," and the "belief that the [plaintiff] is entitled to redress." *See* 28 U.S.C. § 1915(a)(1); *Glenn v. Hayman*, Civ. No. 07-112, 2007 WL 432974, at *7 (D.N.J. Jan. 30, 2007). "In making such [an] application, a plaintiff must state the facts concerning his or her poverty with some degree of particularity, definiteness or certainty." *Keefe v. N.J. Dep't of Corr.,* Civ. No. 18-7597, 2018 WL 2994413, at *1 (D.N.J. June 14, 2018) (quoting *Simon v. Mercer Cnty. Cmty. Coll.,* Civ. No. 10-5505, 2011 WL 551196, at *1 (D.N.J. Feb. 9, 2011)). When the plaintiff is a prisoner, 28 U.S.C. § 1915(a)(2) mandates that the plaintiff must, in addition to filing the affidavit under 28 U.S.C. § 1915(a)(1), "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2).

### B. FAILURE TO STATE A CLAIM

Once an application to proceed *in forma pauperis* has been adjudicated, the Court may screen the complaint and dismiss the action *sua sponte* if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards. *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). Indeed, the Court must dismiss any claim, prior to service, that fails to state a claim under which relief may be granted under Fed. R. Civ. P. 12(b)(6). *See* 28 U.S.C. §§ 1915(e)(2)(B); *Martin v. U.S. Dep't of Homeland Sec.,* Civ. No. 17-3129, 2017 WL 3783702, at *1 (D.N.J. Aug. 30, 2017) ("Federal law requires this Court to screen Plaintiff's Complaint for

3

*sua sponte* dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6).").

Although courts construe *pro se* pleadings less stringently than formal pleadings drafted by attorneys, *pro se* litigants are still required to "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

The general rules of pleading are set forth in Rule 8, which requires that a complaint contain:

> (1) [A] short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) [A] short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) [A] demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

### III.   DISCUSSION

#### A.   PLAINTIFF'S IFP APPLICATIONS

In support of his first IFP Application (ECF No. 1), Plaintiff indicates his lack of income for the past twelve months, given that he is incarcerated and has no expectation of income for the

following month. (ECF No. 1-4.) Plaintiff also states that he does not (1) have a job, (2) obtain financial spousal support, and (3) have assets or any bank accounts. (*Id*.) In his second IFP Application (ECF No. 3), Plaintiff reiterates his lack of employment or any stream of income over the past year. (*Id.*) Plaintiff is indigent and cannot afford the filing fee. However, he fails to meet the requirements of 28 U.S.C. § 1915(a)(2) because he omits a certified copy of his inmate trust account for the six months preceding the filing of his Complaint. Plaintiff's IFP Applications will therefore be **DENIED** without prejudice to his right to renew his application with the appropriate trust account statement.

### B. COMPLAINT SCREENING

The Court exercises its discretion to review the Complaint notwithstanding its denial of Plaintiff's IFP Applications. *Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019) (holding that "a court has the discretion to consider the merits of a case and evaluate an IFP application in either order or even simultaneously"). For the reasons that follow, the Court will dismiss Plaintiff's Complaint without prejudice.

Plaintiff asserts that the Victim lied multiple times, testified on the stand that it was because "she did not want to get into trouble with her mother," and asserts that Head Prosecutor Raymond Santiago, Detectives Scott Ritter and Kayla Santiago, and mother of the Victim, Tangela Turner, were aware of the lies that ultimately led to Plaintiff's conviction. (ECF No. 3.) Plaintiff also alleges that Paul Zager, Plaintiff's defense attorney, did not clearly communicate during the trial process or complete discovery. (*Id.*) As to the Asbury Park Police Department, Plaintiff asserts that it is responsible for Detective Scott Ritter's behavior. (*Id.*) In short, Plaintiff takes issue with his state convictions and alleges that he was "overcharged, falsely convicted of a false statement," racially profiled, and that his rights were violated by Assistant Prosecutor Keri Schaefer. (*Id.*)

5

Under 42 U.S.C § 1983, a plaintiff may assert a claim for relief for a violation of his constitutional rights caused by a person acting under color of law. Pursuant to *Heck v. Humphrey*, however, a plaintiff may only seek damages under 42 U.S.C. § 1983 for an "alleged[] unconstitutional conviction or imprisonment" if he can prove that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). Thus, a complaint is not cognizable under § 1983 when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id*. at 487. Otherwise, "to permit a convicted criminal defendant to proceed with a malicious prosecution claim would permit a collateral attack on the conviction through the vehicle of a civil suit." *Id*. at 484.

In this case, adjudication of Plaintiff's claims for false imprisonment, racial profiling, and violation of his constitutional rights would imply the invalidity of his criminal conviction. There is nothing in the Complaint to indicate that his conviction has been reversed, expunged, invalidated, or otherwise called into question. (ECF No. 1-2.) Moreover, Plaintiff seeks a significant amount of money damages. Thus, pursuant to *Heck*, Plaintiff's Complaint must be **DISMISSED** without prejudice under Rule 12(b)(6). *See Ebuzor-Onayemi v. Union Cnty Police Dep't*, 736 F. App'x 44, 47 (3d Cir. 2018) (affirming dismissal of claims under 12(b)(6) because they were barred by *Heck*).

## IV.   CONCLUSION

For the reasons stated above, the Court will **DENY** Plaintiff's IFP Applications. The Court will also **DISMISS** the Complaint without prejudice. Plaintiff will be given thirty (30) days to file

an Amended Complaint and a renewed IFP application that includes a 6-month statement for his inmate trust account. If Plaintiff does not file an Amended Complaint or if the Amended Complaint does not remedy the defects identified in this Opinion, the Court may dismiss this matter with prejudice. The Clerk's Office will be instructed to **ADMINISTRATIVELY TERMINATE** this matter pending Plaintiff's submission. An accompanying Order will follow.

Date: July 2, 2025

                                            s/ Zahid N. Quraishi
                                            **ZAHID N. QURAISHI**
                                            **UNITED STATES DISTRICT JUDGE**